UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| DYLLAN C. for ROBERT C.,<br><br>　　　　　　Plaintiff,<br>　　v.<br><br>COMMISSIONER OF SOCIAL SECURITY,<br><br>　　　　　　Defendant. | CASE NO. 3:24-cv-05000-GJL<br><br>ORDER RE: SOCIAL SECURITY DISABILITY APPEAL |

This Court has jurisdiction pursuant to 28 U.S.C. § 636(c), Fed. R. Civ. P. 73 and Local Magistrate Judge Rule MJR 13. See also Consent to Proceed Before a United States Magistrate Judge, Dkt. 3. This matter has been fully briefed. *See* Dkts. 7, 9, 10.

After considering and reviewing the record, the Court concludes the Administrative Law Judge (ALJ) did not err in finding Plaintiff not disabled. The Court accordingly **AFFIRMS** the Commissioner's final decision in this matter.

**I.　　PROCEDURAL HISTORY**

Dyllan C., survivor of Robert C. (Plaintiff), filed this action on behalf of Plaintiff pursuant to 42 U.S.C. § 405(g) for judicial review of Defendant's denial of Plaintiff's application

ORDER RE: SOCIAL SECURITY DISABILITY APPEAL - 1

for Disability Insurance Benefits (DIB). Plaintiff's application for DIB was denied initially and upon reconsideration. *See* Administrative Record (AR) 131–33, 143. Plaintiff subsequently died, and Dyllan C. was substituted as the party in this action. AR 218. The ALJ held a hearing in this matter on December 20, 2022. AR 48–76. On February 17, 2023, the ALJ issued a written decision finding Plaintiff not disabled prior to his date last insured of June 30, 2021. AR 14–47.

Plaintiff also applied for Supplemental Security Income (SSI) benefits. AR 275–81. The ALJ found Plaintiff disabled beginning on his 55th birthday, several months after his date last insured. AR 35. However, as Plaintiff concedes (Dkt. 1 at 2; Dkt. 7 at 2), Dyllan C. was not a qualified survivor for the purposes of Plaintiff's SSI application, *see* 20 C.F.R. § 416.542(b), and therefore the denial of Plaintiff's SSI application is not at issue in this case.

The Appeals Council denied Plaintiff's request for review, making the written decision by the ALJ the final agency action subject to judicial review. AR 1–6. Plaintiff filed a Complaint in this Court seeking judicial review of the ALJ's decision on January 2, 2024. Dkt. 1. Defendant filed the sealed AR in this matter on March 4, 2024. Dkt. 5.

## II.     BACKGROUND

Plaintiff was born in 1966. AR 189. He was 54 years old on December 1, 2020, his amended alleged disability onset date. AR 383. The ALJ found Plaintiff had, at a minimum, the following severe impairments: inflammatory bowel disease; cardiac dysrhythmia; coronary artery disease; hyperlipidemia; affective disorder; attention deficit hyperactivity disorder (ADHD); posttraumatic stress disorder (PTSD); and Heroin abuse. AR 20. However, the ALJ found Plaintiff was not disabled prior to his date last insured because he had the following residual functional capacity (RFC):

> to perform light work as defined in 20 CFR 404.1567(b) and 416.967(b), with the following additional limitations: able to understand, remember and carry out simple

ORDER RE: SOCIAL SECURITY DISABILITY APPEAL - 2

work; no conveyor belt-paced production requirements; with standard work breaks provided; occasional, superficial interaction with the public, co-workers and supervisors; occasional, routine workplace changes; and ready access to a bathroom.

AR 23.

### III.   DISCUSSION

Pursuant to 42 U.S.C. § 405(g), this Court may set aside the Commissioner's denial of social security benefits if, and only if, the ALJ's findings are based on legal error or not supported by substantial evidence in the record as a whole. *Bayliss v. Barnhart*, 427 F.3d 1211, 1214 n.1 (9th Cir. 2005) (citing *Tidwell v. Apfel*, 161 F.3d 599, 601 (9th Cir. 1999)).

In his opening brief, Plaintiff raises the following issues: (1) whether the ALJ erred in failing to include absenteeism-related limitations in the RFC; (2) whether the ALJ provided adequate reasons for rejecting certain lay witness statements; and (3) whether the ALJ erred by failing to consider Plaintiff as a person of advanced age prior to his 55th birthday. Dkt. 7.

**A.   Plaintiff's Absenteeism**

Plaintiff argues the ALJ erred by failing to fully consider whether to include additional limitations in the RFC to address the Plaintiff's potential need for absences from work due to the frequency of his medical appointments. Dkt. 7 at 3–7. In support, Plaintiff points to evidence showing the high frequency of his medical appointments before, after, and during the relevant period between his alleged onset date and his date last insured. *See id.*

The "RFC is an assessment of an individual's ability to do sustained work-related physical and mental activities in a work setting on a regular and continuing basis." SSR 96-8p. The RFC is "the most [a claimant] can still do despite [their] limitations." 20 C.F.R. § 404.1545(a)(1). "The RFC assessment considers only functional limitations and restrictions that

ORDER RE: SOCIAL SECURITY DISABILITY APPEAL - 3

result from an individual's medically determinable impairment or combination of impairments, including the impact of any related symptoms." SSR 96-8p.

Because the RFC is based on a claimant's potential to work on "a regular and continuing basis," a need to be absent from work due to medical appointments related to a claimant's impairments might present a potential limitation to be considered in formulating the RFC. *See* SSR 96-8p ("A 'regular and continuing basis' means 8 hours a day, for 5 days a week, or an equivalent work schedule."). However, because the RFC reflects "*the most* [a claimant] can still do," 20 C.F.R. § 404.1545(a)(1) (emphasis added), frequent medical appointments will not justify absenteeism limitations unless the appointments are necessary; and unavoidably result in work absences. *See Curtis v. Kijakazi*, 2023 WL 3918687 at *2 (9th Cir. 2023) (unpublished) ("Fatal to her challenge here, Curtis did not present evidence that her monthly appointments would preclude her from working on a regular and continuing basis."); *Goodman v. Berryhill*, 2017 WL 4265685 at *2–*3 (W.D. Wa. Sept. 25, 2017) ("[T]o be disabling, the frequency of medical treatment must be necessitated by the medical condition and be substantiated by the evidence."); *see also id.* at *3 ("Accepting [that any medical appointment can result in a limitation in the RFC] would presume disability for anyone who frequently visited a doctor regardless of the necessity of the treatment or the medical prognosis.").

The ALJ is only required to discuss evidence that would reasonably demonstrate that such necessary, unavoidable work absences would occur. Although the ALJ must consider evidence of the frequency of treatment and disruption to routine caused by treatment, *see* SSR 96-8p, "an ALJ 'need not discuss *all* evidence presented to her. Rather, she must explain why significant probative evidence has been rejected.'" *Kilpatrick v. Kijakazi*, 35 F.4th 1187, 1193

ORDER RE: SOCIAL SECURITY DISABILITY APPEAL - 4

1  (9th Cir. 2022) (quoting *Vincent ex rel. Vincent v. Heckler*, 739 F.2d 1393, 1394–95 (9th Cir.
2  1984)).

3      Most of the evidence of medical appointments Plaintiff identifies is neither significant nor probative. Plaintiff points to evidence he attended scheduled medical appointments with providers at home, by telephone, and at medical offices. *See* Dkt. 7 at 3–5 (citing AR 1225–26, 1236, 1243–44, 2097, 2327, 2610). This is not significant and probative evidence, as such predictable, scheduled appointments, often of short duration, do not necessarily require unavoidable work absences. *See Goodman*, 2017 WL 4265685 at *3 ("Nothing suggests that Mr. Goodman could not have scheduled his medical appointments outside of working hours . . . .").

      Plaintiff also points to evidence he was hospitalized for several days twice during the relevant period—once for a colostomy in response to his inflammatory bowel disease symptoms (AR 1284) and once for a permanent pacemaker insertion (*see* AR 2114–16). Dkt. 7 at 3–5. This evidence is also not significant and probative, as it involves only one-time medical procedures unlikely to be repeated. A limitation unlikely to recur over a 12-month period is not included in the RFC. *See* SSR 23-1p ("Because of the duration requirement, we will not include limitations in the RFC assessment that completely resolve, or that we expect to completely resolve, within 12 months."). For the same reason, evidence of Plaintiff's medical appointments and emergency care for side effects of his colostomy (e.g., rectal bleeding, AR 1227, 2044 and ostomy care, AR 1225–26) is not significant and probative, as Plaintiff's colostomy was subsequently reversed (*see* AR 2959).

      Finally, Plaintiff points to medical appointments where he received emergency treatment for conditions related to his impairments during the relevant period. Dkt. 7 at 3–5 (citing AR 2029, 2112, 2154, 2277). This evidence may be significant and probative, but the ALJ

ORDER RE: SOCIAL SECURITY DISABILITY APPEAL - 5

adequately addressed much of Plaintiff's emergency treatment as well as the underlying symptoms which caused Plaintiff to receive such treatment. *See* AR 26–28. In particular, the ALJ found Plaintiff's conditions were managed effectively through treatment and that Plaintiff had been non-compliant with that treatment for much of the assessed period. *See id.* This is a valid basis on which to reject further limitations. *See Warre v. Comm'r*, 439 F.3d 1001, 1006 (9th Cir. 2006) (symptoms that can be controlled "are not disabling"); 20 C.F.R. § 404.1530(a) ("In order to get benefits, you must follow treatment prescribed by your medical source(s) if this treatment is expected to restore your ability to work.").

This finding was supported by substantial evidence and, contrary to Plaintiff's assertion (Dkt. 10 at 5), did pertain to the relevant time period. Some of Plaintiff's emergency treatment in April and May 2021 was due to symptoms of abdominal pain resulting from his inflammatory bowel disease and ulcerative colitis. *See* AR 2029, 2277. The ALJ noted, with respect to Plaintiff's gastrointestinal symptoms, that Plaintiff had "stopped his medication without consulting a doctor" and that between May 2021 and October 2021 "the record otherwise suggest[ed] stability with his gastrointestinal condition." AR 28 (citing AR 3016 ("He elected to stop Humira on his own without consultation with any physician…[and]…[h]e decided to stop the Humira himself approximately 6-8 weeks ago.")). Some of Plaintiff's emergency treatment was due to chest pain and sick sinus syndrome resulting from his cardiac impairments. *See* AR 2112–14, 2154. But the ALJ noted Plaintiff's permanent pacemaker insertion in May 2021 appeared to have resolved his cardiac symptoms, as he reported his symptoms of lightheadedness, chest pain, shortness of breath, and nausea resolved in June 2021 and did not

ORDER RE: SOCIAL SECURITY DISABILITY APPEAL - 6

have increased cardiac symptoms until September 2021 when he stopped taking medications. *See* AR 27 (citing AR 1206, 2377).[1]

The ALJ therefore adequately addressed Plaintiff's emergency treatment by addressing the related symptomatic complaints, finding those complaints were resolved through treatment and that Plaintiff had not complied with treatment at some points during the relevant period. Plaintiff contends this is "an improper *post hoc* rationalization" for the ALJ's decision to not include an absenteeism limitation. Dkt. 10 at 5. But "[e]ven when an agency 'explains its decision with less than ideal clarity,' [the Court] must uphold it 'if the agency's path may reasonably be discerned.'" *Molina v. Astrue*, 674 F.3d 1104, 1121 (9th Cir. 2012) (quoting *Alaska Dep't of Envtl. Conservation v. EPA*, 540 U.S. 461, 497 (2004)). As discussed, an absenteeism limitation is appropriate only if absences would be necessary because of a claimant's impairments. The ALJ explained why he did not include further limitations based on the impairments which resulted in Plaintiff's emergency treatment. He did not need to explicitly reject an absenteeism limitation for the Court to infer and review why such limitations were not included. *See Honcoop v. Barnhart*, 87 Fed. App'x 627, 629 (9th Cir. 2004) (unpublished) ("'Magic words' are not required of an ALJ.").

---

[1] Plaintiff contends the ALJ's treatment noncompliance finding was curious because "if non-compliance was truly an issue, the ALJ would not have found [Plaintiff] disabled at all." Dkt. 10 at 5. But when an ALJ finds a claimant was noncompliant with prescribed treatment, that does not necessarily mean the claimant must be found not disabled. *See* SSR 18-3p ("We will find the individual is disabled if we determine that the individual would remain unable to engage in SGA, even if the individual had followed the prescribed treatment."). Instead, the ALJ assesses the RFC based on what a claimant would be capable of had they followed prescribed treatment. *See id.* ("We will determine what the individual's residual functional capacity (RFC) would be had he or she followed the prescribed treatment. We will then use that RFC to reevaluate steps 4 and 5 of the sequential evaluation process . . . ."). Given that the assessed RFC compelled different disability findings under the two age categories Plaintiff possessed during the time period assessed by the ALJ, it is plausible that the ALJ would find Plaintiff not disabled for only some of that period despite Plaintiff's treatment noncompliance.

ORDER RE: SOCIAL SECURITY DISABILITY APPEAL - 7

**B.     Lay Witness Testimony**

Plaintiff contends the ALJ failed to provide "germane reasons" for rejecting the statements of his mother and son (Dkt. 7 at 7), as the ALJ is required to do when rejecting lay witness testimony. *See Lewis v. Apfel*, 236 F.3d 503, 511 (9th Cir. 2001); *Jerald H. v. Comm'r of Soc. Sec.*, 2023 WL 6533477, at *3–*4 (W.D. Wa. Oct. 6, 2023) (concluding "germane reasons" standard applies under new regulations for assessing medical opinion evidence). Plaintiff's mother submitted a statement in December 2022 (AR 379–80) and Plaintiff's son testified at the hearing before the ALJ (AR 58–67). Both explained that Plaintiff's activity and energy worsened in 2018 and that he often complained of stomach issues, fatigue, and chest pain. *See id.*

The ALJ rejected these statements because they were inconsistent with medical evidence showing Plaintiff's physical conditions "were largely medically manageable but [Plaintiff] was noncompliant." AR 34–35. This was a valid basis for rejecting these statements. *See Lewis*, 236 F.3d at 511 ("One reason for which an ALJ may discount lay testimony is that it conflicts with medical evidence."); *Warre*, 439 F.3d at 1006; 20 C.F.R. § 404.1530(a).

Plaintiff does not dispute that his physical conditions were "largely manageable" or that he had periods of treatment noncompliance. *See* Dkt. 7 at 10. Rather, Plaintiff contends that this finding was not supported by substantial evidence because most of the evidence of Plaintiff's treatment noncompliance occurred outside the relevant period. *Id.*

However, as discussed in the previous section, the ALJ made adequate findings related to the effectiveness of treatment and Plaintiff's noncompliance which were supported by substantial evidence, and which did pertain to the relevant period. *See* AR 26–28. For instance, the ALJ found Plaintiff had stopped taking medication for his gastrointestinal issues even though this medication was effective in managing his symptoms. The ALJ also determined that Plaintiff's

ORDER RE: SOCIAL SECURITY DISABILITY APPEAL - 8

permanent pacemaker insertion, along with his medications, were effective in managing his cardiac impairments. *See id.*

Because the ALJ rejected the lay witness testimony on a valid basis on which to disregard the lay witness statements, the Court need not consider the remaining reasons proffered by the ALJ because any such error would necessarily be harmless. *See Molina*, 674 F.3d at 1111–14.

**C.     Age Categories**

Several months after his date last insured, Plaintiff turned 55. *See* AR 37, 189. In turn, Plaintiff's age category—for the purposes of applying the medical-vocational guidelines—changed from being a "person closely approaching advanced age" to a "person of advanced age." 20 C.F.R. § 404.1563(d)–(e). When a claimant is "within a few days to a few months of reaching an older age category," the ALJ must "consider whether to use the older age category." 20 C.F.R. § 404.1563(b). The decision to use an older age category, however, is discretionary. *See Lockwood v. Comm'r Soc. Sec. Admin.*, 616 F.3d 1068, 1071 (9th Cir. 2010).

Relying on this provision, Plaintiff contends the ALJ failed to consider whether he was an individual of "advanced age" prior to his date last insured, given that he would reach that age category within several months. Dkt. 7 at 12–15.

The Ninth Circuit considered a similar situation in *Lockwood*, 616 F.3d at 1071–72. The Court found an ALJ "satisfied the requirement that she *consider* whether to use the older age category" by making it clear she was "aware that [the claimant] was just shy of her 55th birthday" and citing to the provision "which prohibited her from applying the age categories mechanically," showing she "knew she had discretion" to use the older age category. *Id.* at 1071–72 (emphasis in original).

Similarly, here, the ALJ was aware Plaintiff's date last insured was within several months of his 55th birthday, as he correctly identified the date Plaintiff turned 55. *See* AR 35. He also cited the provision prohibiting mechanical application of the age categories. *See id.* (citing 20 C.F.R. § 404.1463). Thus, the Court is satisfied that the ALJ considered whether to exercise his discretion in applying a higher age category.

## IV.  CONCLUSION

Based on these reasons and the relevant record, the Court **ORDERS** that this matter be **AFFIRMED** pursuant to sentence four of 42 U.S.C. § 405(g).

Dated this 18th day of July, 2024.

Grady J. Leupold
United States Magistrate Judge